FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARCUS OGANS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:15-CV-00347-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION** |

Plaintiff Marcus Ogans appeals the Administrative Law Judge's (ALJ) denial of his application for Supplemental Security Income (SSI). He argues that the ALJ improperly found his testimony and the testimony of two lay witnesses not credible and improperly rejected the opinions of several medical sources. He also argues that the vocational expert's testimony about his past work was inconsistent with Social Security regulations and that the ALJ's hypothetical to the vocational expert did not include all of his limitations. The ALJ did not err in rejecting Ogans's symptom testimony or the testimony of the two lay witnesses, or in considering most of the medical evidence. However, because the ALJ's determination to give little weight to the opinion of Ogans's treating physician Dr. Sarah Rogers is not supported by

ORDER - 1

substantial evidence, the ALJ's decision must be reversed, and this case is remanded for further proceedings.

## I. BACKGROUND[1]

Ogans applied for SSI benefits on March 5, 2013, alleging disability beginning on May 21, 2009. At the time of his application, he was homeless and had no source of financial support, and he had last worked in July 2008. AR 197. He alleged that symptoms from depression, anxiety, post-traumatic stress disorder, psychosis, and heart attack limited his ability to work. AR 240. Specifically, he reported physical symptoms relating to pulmonary problems, difficulty being around others and dealing with authority, and cognitive problems. AR 263–70. The Commissioner denied his application on April 11, 2013, and on reconsideration on June 20, 2013. AR 124–27, 135–37. Following a hearing held in January 2014, the ALJ issued a decision on June 18, 2014, finding Ogans not disabled and denying his application for benefits. Tr. 19–30. The Appeals Counsel denied review on October 15, 2015. Tr. 6–8.

## II. DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

ORDER - 2

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual

functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## III. ALJ FINDINGS

At step one, the ALJ found that Ogans has not engaged in substantial gainful activity since March 5, 2013. AR 21. At step two, the ALJ found that the following severe impairments: coronary artery disease with four stents, chronic obstructive pulmonary disease, chronic low back pain, and antisocial personality disorder. AR 21–22. At step three, the ALJ found that Ogans's impairments do not meet or medically equal the severity of any listed impairment. AR 23–24.

At step four, the ALJ found that Ogans has the residual functional capacity to perform sedentary work "with normal breaks except he is limited to simple, repetitive, routine tasks." AR 24–25. The ALJ further concluded that Ogans is able to take instructions from supervisors, can work independently, can have contact with coworkers, and can have occasional contact with the public. AR 25. In reaching this conclusion, the ALJ found Ogans's allegations and symptom testimony not credible. AR 26. The ALJ gave significant weight to the opinions of medical consultants Drs. Diane Fligstein, and Jerry Gardner. AR 26–27. The ALJ gave some weight to reviewing physician Dr. Neims's review of medical evidence, although the ALJ noted that the opinion is merely a recapitulation of the medical evidence rather than a separate assessment of Ogans's ability to function. AR 27. The ALJ gave minimal weight to the opinions of evaluating psychologists Drs. Scott Mabee and James Czysz, treating physician Dr. Sarah Rogers, clinical

social worker Steve Herndon, and several other sources that the ALJ found were not acceptable medical sources. AR 27–28. The ALJ gave no weight to the opinion of medical consultant Dr. Dale Thuline. AR 27. Additionally, the ALJ found that short statements provided by Ogans's friends did not provide useful information. AR 28. Based on this residual functional capacity determination, the ALJ found that Ogans is unable to perform his past relevant work. AR 29.

At step five, the ALJ found that jobs exist in significant numbers in the national economy that Ogans can perform. AR 29–30. The ALJ relied on the vocational expert's conclusion that a person with Ogans's limitations could perform the requirements of representative occupations including document preparer, hand packer, and final assembler. AR 30.

## IV. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* at 1110–11 (citation

omitted). Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

## V. ANALYSIS

Ogans challenges the ALJ's residual functional capacity determination on the basis that the ALJ improperly rejected his symptom testimony and the testimony of two lay witnesses, and that the ALJ improperly evaluated the medical evidence. Ogans also challenges the ALJ's step five determination that significant jobs exist that he is capable of performing on the basis that the vocational expert's testimony about his past work was inconsistent with Social Security regulations and that the ALJ's hypothetical to the vocational expert did not include all of his limitations. The ALJ did not err in rejecting Ogans's symptom testimony or the testimony of the two lay witnesses. The ALJ also did not err in weighing most of the medical opinions considered. However, the ALJ's determination to give little weight to the opinion of Ogans's treating physician Dr. Sarah Rogers is not supported by substantial evidence, and was therefore in error. The ALJ properly relied on the vocational expert's conclusions and gave an appropriate hypothetical in her step-five analysis.

Because the ALJ improperly rejected Dr. Rogers's opinion, the ALJ's decision must be reversed and remanded for further proceedings.

**A.    The ALJ did not err by discounting Ogans's symptom testimony or the testimony of lay witnesses.**

Ogans argues that the ALJ improperly rejected his symptom testimony and the testimony of lay witnesses without providing clear and convincing reasons. ECF No. 22 at 8–12. The Commissioner argues that the ALJ properly relied on objective medical evidence, indications that Ogans may have exaggerated his symptoms, Ogans's continued heavy smoking, and Ogans's daily activities to find Ogans's symptom testimony not credible. ECF No. 24 at 4–10. The Commissioner further argues that the ALJ properly found that the lay witness testimony of Ogans's friends, Ramona Walker and Sylvia Tribble, did not provide useful information. ECF No. 24 at 10–11.

Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of her symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). An ALJ must make sufficiently specific findings "to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations omitted). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). ALJs may consider many factors in weighing a claimant's credibility, including prior inconsistent statements, unexplained failures to seek treatment, and the claimant's

ORDER - 8

daily activities, among others. *Tommasetti*, 533 F.3d at 1039. Courts may not second-guess an ALJ's findings that are supported by substantial evidence. *Id.* An ALJ need only provide germane reasons to reject lay witness testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

The ALJ found that Ogans's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but nevertheless concluded that his "testimony concerning subjective complaints and limitations were not convincing." AR 26. Ogans does not point to any specific deficiencies in the ALJ's stated reasons for discounting his testimony; instead, he simply discusses the legal standard governing an ALJ's consideration of a claimant's testimony and makes the conclusory assertion that "the ALJ has not provided 'clear and convincing reasons' for disregarding claimant's testimony when the facts to which she referred are taken in context." ECF No. 22 at 12. In fact, the ALJ relied on several specific, clear and convincing reasons, each of which is supported by substantial evidence in the record, for rejecting Ogans's symptom testimony.

In making her adverse credibility determination, the ALJ relied on the following findings: First, the ALJ found that the medical record does not support the level of physical impairment claimed by Ogans. AR 26. The ALJ noted that examinations in March, October, and November 2013 showed normal cardiac function and no symptoms. AR 26. Similarly, the ALJ noted that an October 2013

musculoskeletal evaluation showed normal ranges of motions and revealed no problems, and a March 2013 neurological exam showed normal motor and sensory test results. AR 26. Second, the ALJ found that Ogans's continued, heavy tobacco use suggests his pulmonary problems are less than alleged. AR 26. Third, the ALJ found that the medical record does not support the severity of the mental impairments Ogans alleges. AR 26. The ALJ noted that psychological exams in 2012 showed mostly normal behavior. AR 26. Fourth, the ALJ found that evidence in the record suggested exaggeration, pointing to opinions from three medical sources, Drs. Scott Mabee, Dan Neims, and Debra Brown, that they suspected malingering. AR 26. Each of these findings is supported by the record, and together these findings are a sufficient basis to discredit Ogans's symptom testimony.

The ALJ also discounted the opinions of lay witnesses Ramona Walker and Sylvia Tribble. The ALJ noted that these witnesses stated that they had observed a big change in Ogans since his last heart condition and that he was unable to engage in activities he previously engaged in and appeared to be struggling. AR 28. But the ALJ concluded that these witness' "short statements fail to provide evidence of what [Ogans] can actually do[,] are more filled with sympathy than facts[, and] do not provide information that is useful in determining the claimant's residual functional capacity." AR 28. Ogans again does not explain how the ALJ

failed to properly consider these witness' testimony. ECF No. 22 at 12. The ALJ gave adequate, germane reasons for finding that Walker and Tribble's testimony was unhelpful. Accordingly, the ALJ did not err by rejecting their testimony.

**B.     The ALJ properly considered most medical evidence, but improperly rejected the opinion of Ogans's treating physician Dr. Sarah Rogers.**

Ogans argues that the ALJ improperly discredited medical evidence favorable to him. ECF No. 22 at 12–16. Specifically, Ogans appears to argue that the ALJ improperly discounted the opinions of psychological evaluators, Drs. Scott Mabee, and James Czysz, reviewing psychologist Dr. Melanie Edward Mitchell, and treating physician Dr. Sarah Rogers. ECF No. 22 at 15–16.

In disability proceedings, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). An ALJ cannot reject a treating or examining physician's opinion, even if it is contradicted by another physician, without setting forth specific and legitimate reasons supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

While the ALJ properly gave little weight to the opinions of Drs. Mabee and Czysz, and did not consider the opinion of Dr. Edward Mitchell, the ALJ's

reasons for rejecting Dr. Rogers's opinion are not supported by substantial evidence.

### 1. The ALJ did not err by giving little weight to the opinions of Drs. Scott Mabee and James Czysz

Dr. Mabee opined that Ogans was markedly limited in completing a normal workday and workweek without interruption from psychologically-based symptoms and in maintaining appropriate behavior in a work setting. AR 329–32. Dr. Czysz opined that Ogans was markedly limited in his ability to (1) perform activities within a schedule, maintain regular attendance, and be punctual; (2) be aware of normal hazards and take appropriate precautions; (3) complete a normal work day and work week without interruptions from psychologically based symptoms; (4) maintain appropriate behavior in a work setting; and (5) set realistic goals and plan independently. AR 339–42. The ALJ gave both of these opinions little weight because they were based on only Ogans's self-reported symptoms. AR 27. Plaintiff does not directly refute the ALJ's reasons for rejecting these providers' opinions and in fact provides no explanation of how the ALJ improperly evaluated these opinions. ECF No. 22 at 15. This is a legitimate basis for rejecting a medical opinion, *see Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible."), and it is supported

by substantial evidence. Accordingly, the ALJ did not err by giving little weight to the opinions of Drs. Mabee and Czysz

### 2. The ALJ did not err by giving no weight to the opinion of Dr. Edwards Mitchell.

After reviewing the medical evidence, Dr. Edwards Mitchell concluded that Ogans "appears unable to attain/sustain gainful employment due to mental health impairments." AR 349. The ALJ did not discuss Dr. Edwards Michell's opinion. Ogans suggests that this was error, although he does not articulate a reason. ECF No. 22 at 16. Dr. Edwards Mitchell did not treat or examine Ogans, and her opinion is very brief and does not contain analysis or connect her conclusion to specific medical evidence. Moreover, her opinion on the ultimate question of disability is not entitled to any weight. 20 C.F.R. § 416.927(d)(1). Accordingly, the ALJ did not err by giving no weight to Dr. Edwards Mitchell's opinion.

### 3. The ALJ erred in rejecting the opinion of Dr. Sarah Rogers.

Dr. Rogers was Ogans's primary care provider from March 2013 through the time of his application for benefits. AR 864. She explained that Ogans's medical conditions relating to disability include coronary artery disease, chronic cough & shortness of breath, and depression/anxiety. AR 864. She opined that he was limited in significant physical exertion due to his symptoms. AR 864. Ogans appears to argue that the ALJ erred by discounting this opinion, although he does not articulate why. ECF No. 22 at 16.

ORDER - 13

The ALJ gave little weight to Dr. Rogers's conclusions because they "seem to be solely based on the claimant's allegations" and "the doctor made no mention of the claimant's continuing to smoke cigarettes even though he had cardiac or pulmonary complaints." AR 28. This basis for rejecting Dr. Rogers's opinion is clearly unsupported. Dr. Rogers's conclusions, while likely based in part on Ogans's subjective complaints, are expressly based on objective symptoms she observed while treating Ogans. Dr. Rogers explained that Ogans had had two heart attacks, including one while under her care in August 2013, which required four stents to be placed in his Right Coronary Artery due to complete occlusion of that vessel. She further explained that since that time, Ogans has had an episode of chest pain, and she was working with his cardiologist to determine the cause of Ogans's chronic cough and shortness of breath. AR 864.

**C.     The ALJ did not err by accepting the vocational expert's testimony.**

Ogans argues that the vocational expert's testimony about Ogans's past work was inconsistent with Social Security regulations because the vocational expert stated that he thought certain jobs classified as SVP 3 (semi-skilled) were actually SVP 2 (unskilled). ECF No. 22 at 17. Assuming this was error, it did not affect the ALJ's step five determination because the vocational expert and ALJ concluded that Ogans was unable to perform any of his past work, and it had no impact on the remainder of the vocational expert's analysis.

**D.     The ALJ's hypothetical question to the vocational expert was proper.**

Ogans argues that the ALJ's hypothetical did not consider all of Ogans's limitations. ECF No. 22 at 18–19. Specifically, Ogans argues that the hypothetical should have included additional limitations that his attorney proposed to the vocational expert on cross examination. ECF No. 22 at 18–19. But contrary to Ogans's argument, the vocational expert did not concede that medical evidence supported these additional limitations, the vocational expert simply addressed the impact of Ogans's suggested limitations on his ability to be employed. Tr. 93–95. Accordingly, the ALJ properly did not include the limitations in her hypothetical.

**E.     Remand**

Remand for immediate payment of benefits is appropriate if: (1) "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion"; (2) "the record has been fully developed and further administrative proceedings would serve no useful purpose"; and (3) "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison*, 759 F.3d at 1020). Although the ALJ erred by rejecting the opinion of Dr. Rogers, it is not clear from the record that, crediting that opinion as true, the ALJ will be required to award benefits.

Accordingly, remand for immediate payment of benefits is not appropriate in this case.

## VI. CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 22**, is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

3. This matter is **REMANDED** to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this order.

4. **JUDGMENT** is to be entered in the Plaintiff's favor.

5. The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 28th day of March 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge